IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) Case No. 1:09-cv-0059 |
| v. | ) ) Chief Judge Haynes |
| DURA AUTOMOTIVE SYSTEMS, INC., | ) ) JURY DEMAND |
| Defendant. | ) |

## CONSENT DECREE

### INTRODUCTION

Plaintiff Equal Employment Opportunity Commission (the Commission) brought this civil action against Defendant Dura Automotive Systems, Inc. (Dura) pursuant to Title I of the Americans with Disabilities Act of 1990 (ADA) and Title I of the Civil Rights Act of 1991. The Commission seeks to end employment practices which are unlawful under the Americans with Disabilities Act. The Commission also seeks appropriate relief for a class of employees adversely affected by those unlawful practices.

The Complaint, filed September 11, 2009, alleges that the Dura facility in Lawrenceburg, Tennessee (Dura-Lawrenceburg) made illegal medical inquiries of its employees, failed to maintain the confidentiality of information obtained by those inquiries, and used that information to take adverse employment actions against those employees. Specifically, the Commission alleges: that Dura-Lawrenceburg conducted drug testing of employees for various substances; tested employees together so that each employee knew about the testing of others within their group; announced when an

employee had failed a drug test so that other employees within that group knew about that employee failing the drug test; and, suspended employees failing their drug tests. Finally, the Commission alleges that Dura-Lawrenceburg's actions with respect to its random drug testing program violated the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991.

Dura-Lawrenceburg denies violating the ADA and Title I of the Civil Rights Act of 1991. Dura-Lawrenceburg maintains that its actions were proper and legitimate. In its Answer to the Complaint, Dura-Lawrenceburg maintains that it had the legal right to utilize the drug testing program as a qualification standard under the ADA. Dura also contends that the drug testing was job related and consistent with business necessity. Dura Lawrenceburg further contends that its testing policy only sought to identify illegal drugs and legal drugs that it believed posed a danger in the workplace. Dura-Lawrenceburg also avers that the drug testing challenged by the Commission ended in 2007, and has not been conducted since that time.

The parties to this action desire to avoid the additional expense and delay of further litigation, and instead seek to resolve the case.

Accordingly, in the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be resolved by entry of this Decree. This Decree shall not constitute an adjudication and/or finding on the merits of this case, and shall not be used as evidence of liability, res judicata, or collateral estoppel in any other proceeding against Dura or Dura-Lawrenceburg. Neither party shall construe this Decree as an admission by Dura-Lawrenceburg of any violation of the ADA. Furthermore, neither the negotiation of,

2

Case 1:09-cv-00059  Document 193  Filed 08/30/12  Page 2 of 18 PageID #: 3012
Case 1:09-cv-00059  Document 194  Filed 08/31/12  Page 2 of 12 PageID #: 3030

undertaking of, agreement to, execution of, nor entry of this Decree shall constitute or operate as an acknowledgement of admission of any kind by Dura or Dura-Lawrenceburg that any of its directors, officers, employees or agents have violated or not been in compliance with the provisions of Title VII, the ADA, or other federal regulations.

This Decree represents the complete and exclusive agreement between the parties. No waiver, modification, or amendment of any provision of this Decree shall be effective unless made in writing, and signed by the parties. No representations or inducements to compromise this action have been made other than those recited or referenced in this Decree. In the event this Decree is not approved by the Court, neither party shall attempt to admit it as evidence in any subsequent proceeding in this action.

The Court has reviewed the terms of this Consent Decree in light of the applicable laws and regulations, the representations of counsel for all of the parties, and hereby approves the Consent Decree.

It is hereby ORDERED, ADJUDGED AND DECREED:

## JURISDICTION

1. The United States District Court for the Middle District of Tennessee, at Columbia, has jurisdiction over the parties and the subject matter of this litigation and will retain jurisdiction over this Decree for purposes of enforcement and dispute resolution.

## SCOPE OF DECREE

2. This Consent Decree resolves all issues and claims arising out of the Commission's Complaint in this case, Civil Action No. 1:09-cv-00059, alleging illegal medical examinations and inquiries and failure to maintain confidential medical information by Dura-Lawrenceburg based on Charge No. 494-2007-02405 filed by Charlene Rawdon, Charge No. 494-2007-02430 filed by Johnny Gardner, Charge No. 494-2007-02463 filed by Annie Corbin, Charge No. 494-2007-02627 filed by Susan Lowery, Charge No. 494-2008-01362 filed by Branson Walker, and Charge No. 494-2008-01363 filed by Edith Cox. This Consent Decree does not resolve any other charge which is or may be pending before any office of the Commission other than Charge Nos. 494-2007-02405, 494-2007-02430, 494-2007-02463, 494-2007-02627, 494-2008-01362, and 494-2008-01363. This Decree also resolves all claims of the claimants listed in Exhibit A.

3. The provisions of this Decree are effective and binding upon the parties to this action for four years after the date of its entry by the Court.

## INJUNCTIVE RELIEF

4. Dura-Lawrenceburg, its officers, agents, employees, and all persons acting in concert with Dura-Lawrenceburg, are enjoined from making illegal disability-related or medical inquiries of its employees.

5. Dura-Lawrenceburg, its officers, agents, employees, and all persons acting in concert with Dura-Lawrenceburg, are enjoined from conducting employee drug screens that are not job-related and consistent with business necessity.

4

Case 1:09-cv-00059   Document 193   Filed 08/30/12   Page 4 of 18 PageID #: 3014
Case 1:09-cv-00059   Document 194   Filed 08/31/12   Page 4 of 12 PageID #: 3032

6. Dura-Lawrenceburg, its officers, agents, employees, and all persons acting in concert with Dura-Lawrenceburg, are enjoined from illegally disclosing confidential information obtained through medical inquiries of employees.

7. Dura-Lawrenceburg, its officers, agents, employees, and all persons acting in concert with Dura-Lawrenceburg are enjoined from taking any adverse employment action against an employee taking legally prescribed medication without making an individualized assessment of the employee's ability to perform their job.

8. Dura-Lawrenceburg, its officers, agents, employees, and all persons acting in concert with Dura-Lawrenceburg are enjoined from conditioning an employee's continued employment upon the employee's discontinuation of their use of legally prescribed medication unless, after a reasonable individualized analysis, Dura-Lawrenceburg concludes that discontinuation of such medication is job related and consistent with business necessity.

9. Dura-Lawrenceburg, its officers, agents, employees, and all persons acting in concert with Dura-Lawrenceburg are enjoined from performing an employee's drug screen in the presence of his/her peers.

10. Dura-Lawrenceburg, its officers, agents, employees, and all persons acting in concert with Dura-Lawrenceburg are enjoined from disclosing to any employee his/her drug screen result in the presence of his/her peers.

11. This Decree enjoins Dura-Lawrenceburg from retaliating against any Dura employee because of their participation in this lawsuit or in any proceeding under the ADA or for otherwise opposing discriminatory practices made unlawful under Title I of the Americans with Disabilities Act of 1964, as amended. Retaliation includes, but is
5

Case 1:09-cv-00059   Document 193   Filed 08/30/12   Page 5 of 18 PageID #: 3015
Case 1:09-cv-00059   Document 194   Filed 08/31/12   Page 5 of 12 PageID #: 3033

not necessarily limited to, subjecting employees to different terms and conditions of employment, suspension, or termination.

## MODIFICATION OF POLICY

12. Dura-Lawrenceburg will develop a written policy regarding drug-testing procedures under the ADA. The policy shall include a statement that Dura-Lawrenceburg only conducts drug screens that are job-related and consistent with business necessity. The written policy will also outline the procedures by which an employee shall report a drug screening that the employee believes is not in accordance with this policy. For the duration of this Decree, Dura-Lawrenceburg shall conspicuously post a copy of this policy and any changes thereto, at its facility.

## TRAINING

13. Within 120 days after entry of this Decree, Dura-Lawrenceburg shall provide two hours of formal training in the elements and requirements of the Americans with Disabilities Act of 1990 (as amended) to all Human Resources management officials located in the Dura-Lawrenceburg facility.

14. Utilizing the Commission's Compliance Manual on Disability-Related Inquiries and Medical Examinations Under the Americans with Disabilities Act, the two hours of disability discrimination training required by Paragraph 13 shall include, but are not necessarily limited to:

    a. The Americans with Disabilities Act, 42 U.S.C. §§12101 et seq.;

    b. Dura-Lawrenceburg's written drug screening policy;

    c. Definition of "disability-related inquiry";

    d. Definition of a "medical examination";

6

Case 1:09-cv-00059 Document 193 Filed 08/30/12 Page 6 of 18 PageID #: 3016
Case 1:09-cv-00059 Document 194 Filed 08/31/12 Page 6 of 12 PageID #: 3034

e. Explanation regarding when a disability-related inquiry or medical examination is consistent with the ADA;

f. Situations when an employer can make inquiries regarding what prescription medications employees are taking; and

g. Questions and Answers on the Americans with Disabilities Act.

15. Dura's CEO will issue a statement to confirm that Dura expects all Dura-Lawrenceburg employees to comply with the ADA (as amended) and Dura-Lawrenceburg's policies regarding drug testing medical inquiries. Dura's CEO will also state that Dura-Lawrenceburg will not retaliate against any employee for making a complaint under the ADA or Dura-Lawrenceburg's drug testing policy.

16. Dura-Lawrenceburg will retain counsel with a minimum of five years of experience in labor and employment law to develop the above-mentioned training modules.

17. An Attorney or Human Resources professional with specialized knowledge of discrimination law shall conduct the training which may occur by video or teleconference.

18. Each Human Resources official who attends the training shall sign and date an attendance form. The form shall include the names and positions of individuals attending the training and a signed roster to verify attendance.

19. At the conclusion of the training, the trainer shall administer a test to all attendees regarding Dura-Lawrenceburg's obligations with regard to medical inquiries, drug testing, and the handling of confidential information under the ADA.

7

Case 1:09-cv-00059  Document 193  Filed 08/30/12  Page 7 of 18 PageID #: 3017
Case 1:09-cv-00059  Document 194  Filed 08/31/12  Page 7 of 12 PageID #: 3035

20. Dura-Lawrenceburg shall repeat this training annually for the duration of this Decree.

## INDIVIDUAL AND CLASS MEMBER RELIEF

21. In compromise and settlement of all claims in this lawsuit, Dura agrees to pay a total of $750,000.00 to the aggrieved Charging Parties and Claimants on whose behalf the Commission sought relief who are listed in Exhibit A. This settlement amount addresses all damages including, but not necessarily limited to, back pay, compensatory (pecuniary and non-pecuniary), punitive and any other alleged economic damages for aggrieved charging parties and claimants.

22. Within 60 days of Dura's receipt from the Commission of (1) the amount to be paid to each Charging Party and Claimant, (2) each Charging Party's and Claimant's last known address, and (3) each Charging Party's and Claimant's IRS Form W-4 and IRS Form W-9, if necessary, Dura shall mail settlement checks to all aggrieved individuals in accordance with the terms set forth herein. Dura shall mail separate checks for amounts designated as back pay and compensatory damages for each Charging Party and each Claimant.

23. At the same time, Dura shall also mail or e-mail a copy of the front and back of each check to Trial Attorney Kenneth Anderson at the Commission's Memphis District Office.

24. Late payment of checks shall be subject to the accrual of interest pursuant to 28 U.S.C. § 1961.

25. Where applicable, Dura will issue an IRS Form W-2 to the aggrieved claimants designated by the Commission to receive back pay.

8

Case 1:09-cv-00059   Document 193   Filed 08/30/12   Page 8 of 18 PageID #: 3018
Case 1:09-cv-00059   Document 194   Filed 08/31/12   Page 8 of 12 PageID #: 3036

26. Where applicable, Dura will issue an IRS Form 1099 to the aggrieved claimants designated by the Commission to receive compensatory damages.

27. Dura accepts responsibility for all State and Federal employer withholdings, as applicable for any amounts designated as back pay by the Commission. All other tax-related consequences of these payments to the Charging Parties and Claimants, where applicable, will be borne by each individual. Dura makes no representations, or assumes any responsibility, for any tax liability, assessments, interest, penalties, and/or costs that Charging Parties or Claimants may or may not incur on such payments under local, state and/or federal law.

28. Upon request, Dura-Lawrenceburg shall supply neutral references in response to any inquiries or reference checks regarding each Charging Party or Claimant who is no longer employed with Dura-Lawrenceburg.

29. Such references shall be substantially similar to the Sample Reference attached hereto as Exhibit B. This provision shall remain in force for four (4) years from the date of this Decree. Dura-Lawrenceburg shall not mention any of the charges of discrimination or disclose this lawsuit and the Decree when a prospective employer makes an inquiry regarding their employment.

30. Dura-Lawrenceburg shall remove from each employee's personnel file, any document referencing this litigation or the drug screens that form the basis of this litigation.

## REPORTING PROVISIONS

31. Within 60 days after entry of this Decree, Dura-Lawrenceburg shall provide the Commission a copy of its written drug testing policy, as required by

Paragraph 12. Dura-Lawrenceburg shall send the copy to Trial Attorney Kenneth Anderson at the Commission's Memphis District office.

32. Within 90 days after entry of this Decree, Dura-Lawrenceburg shall provide the Commission with copies of the training materials, including the test that Dura-Lawrenceburg will administer to its human resources employees, as required in Paragraphs 13, 14, and 19. Dura shall send the copies to Trial Attorney Kenneth Anderson at the Commission's Memphis District office.

33. Within 150 days of entry of this Decree, and yearly thereafter, Dura-Lawrenceburg shall send all completed attendance forms as required by Paragraph 18, to Trial Attorney Kenneth Anderson at the Commission's Memphis District office.

34. Dura shall provide annual reports to the Commission regarding any employee complaints about Dura-Lawrenceburg's drug testing policy and/or procedure received during the reporting period. Details of employee complaints shall include the following:

   a. The name of the complaining employee;

   b. Detailed facts about the employee's complaint;

   c. Any action taken by Dura-Lawrenceburg in response to the complaint; and

   d. The final resolution of the complaint.

35. Dura-Lawrenceburg shall submit the first report 12 months after entry of the Decree, the second report 24 months after entry of the Decree, the third report 36 months after entry of the Decree, and the fourth report 47 months after entry of the

Decree. Dura-Lawrenceburg shall forward each report to Trial Attorney Kenneth Anderson at the Commission's Memphis District office.

36. Dura-Lawrenceburg shall disclose to the Commission in writing any changes to its drug testing policy within 30 days of implementation. Dura-Lawrenceburg shall forward each disclosure to Trial Attorney Kenneth Anderson at the Commission's Memphis District office.

## MONITORING

37. The Commission shall have the right to monitor and review compliance with this Decree. Upon reasonable notice to Dura-Lawrenceburg, with "reasonable notice" defined as at least 10 business days, Dura-Lawrenceburg will reasonably cooperate with the Commission in any review function as it relates to this Decree. Specifically, the Commission shall have the right to:

   a. Attend training sessions required by this Decree;

   b. Review any and all documents required by this Decree;

   c. Interview employees related to the requirements of this Decree; and

   d. Inspect Dura-Lawrenceburg premises upon reasonable notice of no less than 10 business days prior notice to Dura.

## NOTICE

38. Dura-Lawrenceburg shall conspicuously post at its facility the notice (poster) required by Title I of the Americans with Disabilities Act. In addition, Dura-Lawrenceburg shall conspicuously post one copy of the Notice attached to this Decree as Exhibit C, for a period of four years commencing within ten days after entry of this Decree by the Court.

## NOTIFICATION OF SUCCESSORS

39. Dura will provide written notice, before any sale, merger or other transfer of assets by Dura, to any potential purchaser of Dura-Lawrenceburg's business, or a purchaser of all or a portion of Dura-Lawrenceburg's assets, and to any other potential successor, of the Commission's lawsuit, the allegations raised in the Commission's Complaint, and the existence and contents of this Decree.

## ENFORCEMENT

40. If Dura-Lawrenceburg fails to comply with the terms of this Decree, the Commission has a right to enforce Dura-Lawrenceburg's obligations under the Decree. If the parties are unable to reach an agreement regarding resolution of any such deficiency in Dura-Lawrenceburg's compliance with the terms of the Decree, the Commission will then have the option of petitioning the Court for relief. The Commission shall provide Dura-Lawrenceburg at least 10-days notice of the breach prior to seeking relief in federal court.

## COSTS

41. All parties shall pay their own costs of this litigation.

IT IS SO ORDERED THIS __31st__ DAY OF __August__ 2012.

_____
WILLIAM J. HAYNES, JR.
Chief U.S. District Judge